IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ROBERT COTNER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-16-195-HE |
| | ) | |
| CARL BEAR, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, has filed a Complaint in this civil action pursuant to 42 U.S.C. § 1983. With his Complaint, Plaintiff has submitted an Application for Leave to Proceed In Forma Pauperis and motion seeking a temporary injunction. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the application be denied pursuant to 28 U.S.C. § 1915(g) and that the action be dismissed unless Plaintiff pays the full filing fee within a reasonable time period.

"Under the Prison Litigation Reform Act, prisoners obtain a 'strike' against them for purposes of future [in forma pauperis] eligibility when their 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . .'" Hafed v. Fed. Bur. of Prisons, 635 F.3d 1172, 1176 (10th Cir. 2011)(quoting 28 U.S.C. § 1915(g)). Prisoners who have been accorded three or more strikes must "prepay the entire filing fee before federal courts may

1

consider their civil actions and appeals." Id. (internal quotation marks omitted). The only exception to the three-strikes provision is for a prisoner who demonstrates he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has a long history of filing frivolous actions in this and other federal courts. The Tenth Circuit Court of Appeals has, in fact, referred to Plaintiff as "another of the prodigious pro se filers who regularly inundate this and the federal district courts with repetitive and largely frivolous filings." Cotner v. State of Okla. ex rel. County of Creek, 74 F.3d 1248 (Table), 1996 WL 6602, *1 (10th Cir. 1996)(unpublished op.)(citing Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986)).

Plaintiff is subject to filing restrictions in this Court, in the Tenth Circuit Court of Appeals, in the Supreme Court, and even in the Oklahoma Court of Criminal Appeals because of his numerous, frivolous filings. See Cotner v. Boone, 530 U.S. 1271 (2000)(restricting Mr. Cotner from filing further petitions for writ of certiorari in civil matters unless he has paid a docketing fee and submitted the petition in compliance with Supreme Court Rule 33.1); Cotner v. Boone, 48 Fed.Appx. 287, 290 (10th Cir. 2002)(unpublished op.)(establishing filing restrictions in original habeas actions filed in circuit court or appeals from the denial of a habeas petition); Cotner v. Nichols, No. 95-5087, 1995 WL 649734, at *1 n. 3 (10th Cir. 1995)(unpublished op.)(upholding district court's imposition of filing restrictions and noting Mr. Cotner has filed "at least forty-four actions in the last twenty years" and that the cases "typically involved frivolous motions and ignored procedural requirements"); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986)(affirming

imposition of sanctions in civil rights actions); Cotner v. Creek County Dist. Court, 911 P.2d 1215, 1218, 1221 (Okla. Crim. App. 1996). See also Cotner v. McCollum, No. 16-6023 (10th Cir. Feb. 10, 2016)(unpublished order)(dismissing attempted appeal for failure to comply with the filing restriction requirements imposed in Cotner v. Boone, 48 Fed. App'x. 287 (10th Cir. 2002)(unpublished op.)); Cotner v. Jones, No. 12-6276 (10th Cir. 2012)(unpublished order)(dismissing appeal for failure to pay filing fees in advance as required by 28 U.S.C. §1915(g) and failure to comply with the filing restrictions imposed by the court in 2002); Cotner v. State, No. 10-6004 (10th Cir. Mar. 11, 2010)(unpublished order)(dismissing appeal for failure to prosecute where Plaintiff failed to comply with the filing restrictions imposed by the court in 2002); Cotner v. Miles-LaGrange, No. CIV-14-269-HE (W.D.Okla. May 12, 2014)(Heaton, D.J.)(Order dismissing action for failure to satisfy 28 U.S.C. § 1915(g) and failure to pay full filing fee and also dismissing action with prejudice as sanction for frivolous complaint and repeated abuse of judicial process); Cotner v. McCollum, No. CIV-14-137-HE (W.D.Okla. May 9, 2014)(Heaton, D.J.)(Order dismissing action for failure to satisfy 28 U.S.C. § 1915(g) and failure to pay full filing fee); Cotner v. Jones, No. CIV-12-781-HE (W.D.Okla. Oct. 23, 2012)(Heaton, D.J.)(Order dismissing action for failure to satisfy 28 U.S.C. § 1915(g) and failure to pay full filing fee).

Because Plaintiff has three or more "strikes" within the meaning of 28 U.S.C. §1915(g), Plaintiff must make a specific, credible allegation that he is under imminent danger of serious physical harm before he is entitled to proceed in this action without prepayment of the full filing fee. 28 U.S.C. § 1915(g); Hafed, 635 F.3d at 1176.

3

A careful review of Plaintiff's Complaint shows that Plaintiff has not demonstrated a specific, credible threat of imminent danger of serious physical harm. Plaintiff's Complaint is replete with conclusory and fantastical allegations such as the following: "1/22/16 Defendants attempted to murder Plaintiff for trying to exhaust remedies, thereby causing this action." Complaint, at 6. Plaintiff alleges he is disabled yet he provides no specific allegations to support this conclusion. Plaintiff alleges he has experienced past medical problems, including "brain surgery" in May 2014 and multiple "heart attacks," that he blames on prison officials without benefit of specific allegations or credible evidence. Plaintiff alleges in an accompanying affidavit that a psychiatrist at the prison where he is confined has refused to talk to him "about this matter." Complaint, at 10. Plaintiff alleges in an "Emergency Motion for Temporary Injunctive Order To Prevent Death of Petitioner" that he had previously been given "nitro tabs" to keep with him but that on January 22, 2016, an unidentified individual "took them from him and to the date of this document refuse[s] to give them back." It appears Plaintiff is referring to nitroglycerine medication, but he does not indicate that such medication had been prescribed for him at the time it was allegedly removed from his possession or that he was unable to obtain this medication from a medical staff member at a prison medical unit. Assuming the truth of Plaintiff's allegations that he previously underwent brain surgery and that he suffered multiple "heart attacks" in the past, the Complaint and motion do not contain specific, credible allegations showing Plaintiff is in imminent danger of serious physical injury at this time due to these prior medical conditions or any other medical conditions or circumstances.

Thus, Plaintiff has not satisfied the imminent-danger exception to § 1915(g). The Application for Leave to Proceed In Forma Pauperis should be denied, and the action should be dismissed unless he pays the full filing fee within twenty (20) days of this date.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the full $400.00 filing fee within twenty (20) days of this date. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by March 28th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   7th   day of   March  , 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE