# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ROBERT COTNER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| vs | ) | NO. CIV-16-0195-HE |
|  | ) |  |
| CARL BEAR, Warden, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

Plaintiff Robert E. Cotner, a state prisoner appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983 and a variety of other federal statutes alleging myriad violations of his constitutional rights and requesting temporary injunctive relief. Consistent with 28 U.S.C. § 636(b)(1)(B) & (C), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who has recommended that plaintiff's amended complaint be dismissed because plaintiff has three or more "strikes" within the meaning of 28 U.S.C. § 1915(g), and has not made a specific credible allegation that he is under imminent danger of serious physical harm. As petitioner objected to the Report and Recommendation, the court has conducted a *de novo* review of Judge Purcell's determination and concludes that the Report and Recommendation should be adopted.

The Report and Recommendation cites the reference to plaintiff by the Tenth Circuit Court of Appeals as "another of the prodigious pro se filers who regularly inundate this and the federal district courts with repetitive and largely frivolous filings." Cotner v. Okla. ex rel. Cty of Creek, 74 F.3d 1248 (Table), 1996 WL 6602, at *1 (10th Cir. 1996) (unpublished) (internal citations omitted). Plaintiff's history of frivolous filings and the imposition of filing

restrictions on him by several courts, including this one, are detailed at length in the Report and Recommendation. Because plaintiff is subject to filing restrictions, he must either pay the court filing fee or make a specific credible allegation that he is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

Plaintiff has done neither. As explained in the Report and Recommendation, plaintiff's attempts to allege imminent danger of serious physical harm are not reasonably specific. His objection does not address the substance of the Report and Recommendation. Rather, plaintiff asserts new unsupported allegations that the prison mail room supervisor has seized and destroyed the mail that would have allowed plaintiff to pay the filing fees, that the same supervisor has prevented plaintiff from contacting a law firm in possession of evidence of imminent danger of serious physical harm to plaintiff, that plaintiff has been subject to (and can at any moment be subject to) extreme heat or cold, and that "D.O.C. doctors verify [plaintiff] can die at any moment." Docs. No. 12 and 13. Plaintiff further claims (with no legal support) that he is not subject to "3-strikes" filing restrictions, that evidence of imminent danger to plaintiff is documented in unidentified medical or Department of Corrections documents (none of which are filed in this case), and that more than seventy-five unnamed state employees are available to testify to the truth of plaintiff's allegations. Id. These efforts are insufficient to challenge the analysis or conclusions in the Report and Recommendation. Plaintiff has not satisfied the imminent-danger exception to § 1915(g).

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. No. 9]. Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 2] is **DENIED**.

Plaintiff is directed to pay the full $400.00 filing fee within twenty (20) days from entry of this order. Absent such payment, this case will be dismissed.

**IT IS SO ORDERED**.

Dated this 28th day of March, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE