IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT COTNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-16-195-HE |
| | ) | |
| CARL BEAR, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, has filed a Complaint (Doc. # 1) and an Amended Complaint (Doc. # 4)[1] in this civil action pursuant to 42 U.S.C. § 1983. An initial review of the Amended Complaint[2] has been conducted pursuant to 28 U.S.C. § 1915A. For the following reasons, it is recommended that the Amended Complaint be dismissed *sua sponte* for failure to state a claim upon which relief may be granted. It is also recommended that Plaintiff's motions for declaratory judgment and injunctive relief (Docs. # 3, 22, 46), motion requesting appointment of counsel (Doc. # 43), motion to certify class (Doc. # 24), motion to compel (Doc. # 45), motion for order nunc pro tunc (Doc. # 54), motion for

---

[1]The Amended Complaint supercedes the Complaint and renders the previous pleading without legal effect. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007).

[2]It appears that Plaintiff has attempted to file a second amended complaint (Doc. # 34) entitled "Notice of Removal of State Court Cases to Amend, Update and Supplement Civil Rights Complaint." Plaintiff has also filed a pleading entitled "summary of claims" (Doc. # 52) that attempts to "clarify" Plaintiff's claims. These pleadings are not filed on the proper form for a 42 U.S.C. § 1983 action, and the pleadings do not comply with Fed. R. Civ. P. 15(a). Therefore, these pleadings are not considered as amended complaints. Because the pleadings are improper, they are STRICKEN from the record.

1

temporary restraining order (Doc. # 10), and "Motion to Accept Two Enclosed Books as Evidence . . ." (Doc. # 61) be denied.

I. <u>Statutory Screening of Prisoner Complaints</u>

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). In this initial review, the court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To survive this review, the plaintiff must plead "enough facts to state a claim that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). In applying this standard the court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See <u>Leverington v. City of Colo. Springs</u>, 643 F.3d 719, 723 (10th Cir. 2011). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting <u>Twombly</u>, 550 U.S. at 556).

Although a *pro se* litigant's pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See <u>Yang v. Archuleta</u>, 525 F.3d 925,

2

927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted). "[B]are assertions" consisting of "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (citing Twombly, 550 U.S. at 554–555). Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

An initial review of the sufficiency of the Amended Complaint under 28 U.S.C. §1915A(b) has been conducted, and based on this review the undersigned recommends dismissal of the cause of action on filing.

II. Jurisdictional Bases for Acton

In addition to 42 U.S.C. § 1983, Plaintiff lists multiple federal statutes in his Amended Complaint as jurisdictional bases for his cause of action against Defendants, including the Americans with Disabilities Act, 42 U.S.C. § 10201, "titles (2)(3)(5)," 29 U.S.C. § 794, "sec. 504," 42 U.S.C. § 1985, and 18 U.S.C. § 242.

The Americans with Disabilities Act ("ADA") prohibits public entities from discriminating against qualified individuals with disabilities. The ADA is applicable to prisons and prisoners. See Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998) (holding that "[s]tate prisons fall squarely within the statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government'")(quoting 42 U.S.C. § 12131(1)(B)). To state a claim

3

under Title II of the ADA, a plaintiff must allege that "(1) he [or she] is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." See Robertson v. Las Animas County Sheriff's Dep't, 500 F.3d 1185, 1193 (10th Cir. 2007).

Plaintiff claims that he has been denied "medical services" because of his "disabilities, and Handicaped [sic]" and that "Defendants and their agents denied medical services others receaved [sic] because of Plaintiff's disabilities resulting in (3) heart attacks." Amended Complaint, at 8. Plaintiff does not identify his "disabilities." Additionally, although Plaintiff alleges he has been denied "medical services," he does not allege what "medical services" were denied or when or who denied those "medical services." Plaintiff's conclusory allegations are not entitled to a presumption of truth. Therefore, Plaintiff has not stated a plausible claim under the ADA.

Title 42 U.S.C. § 10201 provides for judicial review of federal nuclear waste policy issues. It has no application to the instant lawsuit. There are also no "titles (2)(3)(5)" that would have any application to this action. Additionally, none of Plaintiff's claims in his Amended Complaint could be based on "section 504" of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794, which prohibits disability-based discrimination in the administration of federal grants and programs. Section (a) provides in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or

> be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). Plaintiff has not alleged that he has been excluded from participation in any program or activity receiving Federal financial assistance or any program conducted by an Executive agency or the United States Postal Service. Therefore, this statute does not provide a jurisdictional basis for this action.

Title 42 U.S.C. § 1985 sets out three different bases for a cause of action involving a conspiracy: "preventing officer from performing duties," "obstructing justice; intimidating party, witness, or juror," and "depriving persons of rights or privileges." 42 U.S.C. §1985(1)–(3). A conspiracy under 42 U.S.C. § 1985(3) must be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993) (internal quotation marks, citation, and alteration omitted).

Plaintiff's Amended Complaint does not identify a specific basis under Section 1985 for any of Plaintiff's claims. Additionally, a claim under 42 U.S.C. § 1985 requires the plaintiff to plead that "two or more persons ... conspire" to interfere with the plaintiff's civil rights as described in a specific subsection. Id. A conspiracy only occurs when two or more individuals reached an agreement and acted in concert with that agreement. Crabtree By & Through Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990) ("[T]he rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.").

Plaintiff has not plausibly alleged that two or more Defendants agreed to interfere with his civil rights as described in Section 1985 or that any Defendants acted in concert with such an agreement. Plaintiff's claims therefore do not implicate 42 U.S.C. § 1985.

Title 18 U.S.C. § 242 makes it a crime for a person, acting under color of state law, to deprive another person of their constitutional rights, or to subject another person to "different punishments, pains, or penalties, on account of such [person] being an alien, or by reason of his color, or race." The Civil Rights Act of 1871, codified at 42 U.S.C. § 1983, does not allow Plaintiff to pursue violations of state or federal criminal laws. See Lynch v. Bulman, 2007 WL 2993612, *2 (10th Cir. Oct. 15, 2007)(unpublished op.)(§ 1983 does not allow a private cause of action in pursuit of an alleged violation of federal criminal law); Clements v. Chapman, 189 Fed. App'x 688, 692, 2006 WL 1739826, *3 (10th Cir. 2006)(unpublished op.)(same). Therefore, Plaintiff cannot state a viable claim under 18 U.S.C. § 242 in this action.

In reviewing the allegations in the Amended Complaint, the Court should analyze these claims using the well-established principles governing 42 U.S.C. § 1983 claims. Plaintiff's claims under all other federal laws or regulations should be dismissed for failure to state a viable claim for relief.

III. Purported Intervenors

Several of Plaintiff's fellow prisoners have filed motions seeking to intervene in this action, suggesting they are witnesses and have evidence concerning Plaintiff's claims. The motions (Docs. # 25-33, 36-42, 50, 51, 53, 55-57, 64) are DENIED, as the motions do not

state a proper basis for intervention in the case under Fed. R. Civ. P. 24.[3]

IV. Request for Class Action Designation

Plaintiff has requested in a motion that the Court "certify this action as a class action of all Okla. State prisoners akin to the prior 'Battles' class action, and issue declaratory judgment that the entire state prison system is 200% of capasity [sic], 100% over the design capasity [sic], and that no state prison construction (or private prison) meets the basic required design mandated by the 1990 Americans with Disabilities Act." Brief in Support of Class Certification (Doc. # 35).

In his motion, Plaintiff appears to be seeking the certification of a class of prisoners based on an allegation that Oklahoma prison facilities are overcrowded, but no such overcrowding claim is included in the Amended Complaint. The allegations in the Amended Complaint, to the extent they can be deciphered, are related to medical treatment Plaintiff has received while incarcerated or the alleged denial thereof, "attempts to murder" Plaintiff, Plaintiff's "due process rights to access to courts for habeas without impediments or retaliation by defendants or their agents," and "retaliation for court actions." In his Amended Complaint, Plaintiff has not shown any causal connection between his claims and any claims that might be brought by other inmates.

Moreover, pursuant to Fed. R. Civ. P. 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." A litigant who appears without counsel may

---

[3] The motion filed by one purported intervenor seeking leave to proceed in forma pauperis (Doc. # 60) is DENIED.

not assert the claims of others or represent a class "because the competence of a layman is clearly too limited to allow him to risk the rights of others." Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)(internal quotation marks omitted). Because Plaintiff appears in this action *pro se*, and because he has failed to show a commonality of claims as required by Fed. R. Civ. P. 23, his Motion (Doc. # 24) seeking to certify a class action is DENIED.

V. Request for Preliminary Injunction

In four separate motions, Plaintiff has requested both a temporary restraining order ("TRO") and preliminary injunctive relief. In the first such motion (Doc. # 3), Plaintiff alleges that "[f]rom 1/22/16 to the date of this pleading Respondents have been trying to cause his death." Reading the motion beyond this dramatic first sentence, it appears that unidentified prison officials have decided that Plaintiff should not be allowed to keep nitroglycerine medication with him. In this motion, Plaintiff does not request that he be allowed to keep this medication with him. Rather, Plaintiff requests a preliminary injunction directing his transfer to a federal prison or, alternatively, his transfer from a disciplinary unit back to the general population unit of the prison where he is confined.

In the second such motion (Doc. # 10), Plaintiff seeks a TRO "prohibiting K. Brown and Mrs. Blackmum from preventing or interfering with any of Cotner's outgoing or incoming mail to courts, churchs [sic], U.S. Senators, U.S. Justice Dept., Post masters, F.B.I., Governor, or lawyers or from them. . . ." Alternatively, Plaintiff requests a TRO directing his transfer to a federal prison.

In the third such motion (Doc. # 22), Plaintiff seeks a preliminary injunction prohibiting Defendant Warden Bear from "preventing visits to Plaintiff from his Christian minister as only Carl Bear has done since 2008, . . . as retaliation against Plaintiff."

The fourth such motion (Doc. # 46) appears to be a form motion alleging that certain Oklahoma state laws, including Okla. Stat. tit. 57, § 566, which authorizes county sheriffs to adopt administrative grievance procedures and establishes that exhaustion of administrative remedies is a jurisdictional requirement for actions brought in state courts by Oklahoma inmates, and Okla. Stat. tit. 12, § 1751, which dictates which actions must be brought as a small claims action in Oklahoma, are unconstitutional "bills of attainder." Plaintiff requests that preliminary injunctive relief be entered directing that the state laws not be applied to Plaintiff.

"To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Gen. Motors Corp. v. Urban Gorilla, L.L.C., 500 F. 3d 1222, 1226 (10th Cir. 2007). A preliminary injunction is an "extraordinary remedy," and therefore "the right to relief must be clear and unequivocal." SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991).

Plaintiff's motions for a TRO or preliminary injunctive relief seek action, such as his transfer to another prison or to another unit in a prison, that "affirmatively require[s] the

nonmovant to act in a particular way, and . . . place[s] the issuing court in a position where it may have to provide ongoing supervision to assure that the nonmovant is abiding by the injunction." Id. at 1099. This is a "specifically disfavored" type of injunction, and Plaintiff has a "heightened burden" of showing that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004)(*en banc*). Thus, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." Id. at 976.

Furthermore, Plaintiff's requests for a TRO and preliminary injunction are not related to any of the allegations set forth in his Amended Complaint. A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 220 (1945); see also Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010) ("[T]he movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.")(internal quotation marks omitted). Preliminary injunctive relief is not appropriate when the movant, as here, seeks intermediate relief beyond the claims of the complaint. See Hicks v. Jones, 332 Fed. App'x 505, 508 (10th Cir. 2009) (affirming district court's denial of motion for preliminary injunction or TRO seeking to "prevent his transfer out of the prison's protective custody unit, which apparently was slated for closure, but his complaint alleged that defendants failed to protect him from his cellmate").

Beyond wholly conclusory allegations, Plaintiff has also failed to provide evidence

of a "significant risk" of "irreparable harm." Plaintiff's unfounded speculation that he is being threatened with death because of his inability to keep nitroglycerine medication with him or that prison officials have interfered with his outgoing or incoming mail are not sufficient to establish a likelihood of irreparable harm. See <u>RoDa Drilling Co. v. Siegal</u>, 552 F.3d 1203, 1210 (10th Cir. 2009) ("Purely speculative harm will not suffice, but rather, a plaintiff who can show significant risk of irreparable harm has demonstrated that the harm is not speculative and will be held to have satisfied his burden.")(alteration and internal quotation marks omitted). In light of the recommendation <u>infra</u> that Plaintiff's Amended Complaint be dismissed sua sponte, Plaintiff has no likelihood of success on the merits as to those claims which relate to Plaintiff's allegation. It necessarily follows that Plaintiff cannot show that he will suffer irreparable harm or that the alleged threatened injury would outweigh the harm to Defendants.

Finally, Plaintiff has failed to show that the injunctive relief he seeks is not adverse to the public's interest. <u>Gen. Motors Corp.</u>, 500 F.3d at 1226. A federal court considering a motion for injunctive relief in a civil action concerning the conditions of a prisoner's confinement must give substantial weight to the adverse impact on public safety or operation of the criminal justice system. 18 U.S.C. § 3626(a)(2). Additionally, preliminary injunctive relief in a civil action regarding prison conditions must be "narrowly drawn" and "the least intrusive means necessary to correct [the] harm." <u>Id.</u> <u>See</u> <u>Stephens v. Jones</u>, 494 Fed. App'x 906, 911–12 (10th Cir. 2012)(unpublished op.).

The Supreme Court has repeatedly recognized that federal courts should not substitute

11

their judgment on matters of institutional administration for the determinations made by prison officials. O'Lone v. Estate of Shabazz, 482 U.S. 342, 353 (1987). See Turner v. Safely, 482 U.S. 78, 85 (1987)(prison administration is a task that has been committed to the legislative and executive branches of government, "and separation of powers concerns counsel a policy of judicial restraint"). Where state prisons are involved, federal courts have "additional reason to accord deference" to the decisions of prison authorities. Id.

The relief Plaintiff seeks in his TRO and preliminary injunction motions would significantly interfere with prison administration. Plaintiff's motions are based on conclusory allegations and seek overly broad preliminary relief that does not satisfy the statutory requirements. The relief Plaintiff seeks would directly impact the day-to-day operation, and possibly the safety, of the prison facility in which he is incarcerated. Hence, the "public interest" weighs against the issuance of the extraordinary remedies Plaintiff seeks. For these reasons, Plaintiff's motions (Docs. # 3, 10, 22, 46) for preliminary injunctive relief or a TRO are DENIED.

## VI. Failure to State a Claim

Plaintiff's Amended Complaint is a hodge-podge of largely unintelligible, conclusory statements. He alleges in his first "Claim" that his constitutional right of access to the courts "for habeas corpus" has been violated, that he has been denied "medical services," and also that he has been subjected to "retaliatory acts." As supporting facts for his first "Claim," Plaintiff states that "after years of trying to get medical services others received, being denied because of Plaintiff's disabilities and handicaped [sic], defendants agents deliberatly [sic]

12

gave him the wrong medication at O.S.R. in May 2014, intending him to die, puting [sic] him in a coma[,] requiring emergency major brain surgury [sic], and damaging his heart. From May 2014 until Aug. 2015, defendants and their agents denied medical services others received because of Plaintiff's disabilities resulting in (3) heart attacks. [On] 1/22/16 Defendants attempted to murder Plaintiff, refusing medical services . . . as retaliation for court actions."

Plaintiff alleges he is disabled yet he provides no specific allegations to support this conclusion. Plaintiff alleges he has experienced past medical problems, including "brain surgery" in May 2014 and multiple "heart attacks," that he blames on prison officials without benefit of specific allegations or credible evidence. None of the conclusory statements set forth in his first "claim" are supported by facts that would create an inference of the violation of a constitutional guarantee by any named Defendant. Even if Plaintiff could state sufficient facts showing that he was injured when he was given "the wrong medication" at the Oklahoma State Reformatory in May 2014, Plaintiff has not named any medical provider or correctional official at Oklahoma State Reformatory as a Defendant.

Plaintiff has merely alleged that Defendants' unidentified "agents" somehow violated his constitutional rights. "Section 1983 does not authorize liability under a theory of respondeat superior." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011). Thus, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct," not the conduct of individuals being supervised. Aschcroft v. Iqbal, 556 U.S. 662, 677 (2009). See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)("Individual

liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(internal quotations omitted). "The plaintiff therefore must show an 'affirmative link' between the supervisor and the constitutional violation." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013).

To sufficiently allege the personal involvement of a supervisor, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. The plaintiff must also "show that the defendant's alleged action(s) caused the constitutional violation." Schneider, 717 F.3d at 768. See Wilson v. Montano, 715 F.3d 847, 858 (10th Cir. 2013)("To establish a violation of §1983 by a defendant-supervisor, the plaintiff must establish, at a minimum, a deliberate and intentional act on the part of the supervisor to violate the plaintiff's legal rights.").

Plaintiff's allegations fail to show that any supervisory official named in the action had the requisite personal involvement in any conduct that could create a plausible inference of a constitutional deprivation. Indeed, Plaintiff does not allege that any Defendant took any deliberate or intentional action that violated Plaintiff's constitutional rights. The only Defendants named in the action are Warden Bear, the Warden at Joseph Harp Correctional Center ("JHCC") where Plaintiff is currently in custody; Ms. Baker, who is identified as the medical supervisor at JHCC; Interim Oklahoma Department of Corrections Director Allbaugh; Oklahoma Governor Fallin; and "unknown" members of a literary committee at JHCC.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead

14

that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Thus, "[i]ndividual liability under §1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); see Jenkins v. Wood, 81 F.3d 988, 994-995 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.")(internal citation omitted).

In this case, Plaintiff fails to identify who is responsible for any alleged conduct, such as giving him the "wrong" medication, denying him medical services, or "attemp[ting] to murder me with a new, violent cel [sic] mate," that forms the basis for his claims. See Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir. 2011)(noting that in the context of § 1983 claims it is particularly important for the plaintiff to make clear "exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of he claims against him or her")(emphasis in original). None of the named Defendants are alleged to have taken any action whatsoever in connection with the provision of medical treatment for Plaintiff or the conditions of his confinement at JHCC.

To the extent that Plaintiff's claims could potentially be construed as arising under the Equal Protection Clause, his claims should be dismissed. To state an equal protection claim, the plaintiff must allege that he or she was treated differently from similarly situated individuals. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Plaintiff's Amended Complaint lacks sufficient factual allegations to meet this threshold

15

pleading standard.

Plaintiff has included the term "retaliation" in his first and second claims. He alleges in his first claim that unidentified "Defendants" refused him "medical services" in January 2016 in retaliation "for court actions." In his second claim, Plaintiff alleges that some unknown conduct was "retaliation by defendants or their agents in a conspiracy to keep from releasing any prisoner . . . ." To state a valid claim of retaliation, a plaintiff must "allege specific facts showing retaliation [on account] of the exercise of the prisoner's constitutional rights," Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir. 1990), and "prove that 'but for' the retaliatory motive, the incidents to which [the inmate] refers, . . . , would not have taken place." Smith v. Maschner, 899 F.2d 940, 949–50 (10th Cir. 1990). Plaintiff's allegations do not provide specific facts sufficient to create an inference of retaliatory conduct by any named Defendant. Plaintiff's conclusory allegations do not state a plausible claim that Defendants have retaliated against him for his attempt to access the courts.

Plaintiff further alleges that Defendants have denied his "due process rights to access to courts for habeas . . ." and that "prison law libaries [sic] deny access to courts" Amended Complaint, at 8, 9. The Supreme Court has recognized a fundamental constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 828 (1977). The right to access the courts prohibits prison officials from affirmatively hindering a prisoner's efforts to construct a nonfrivolous appeal or claim. See Green v. Johnson, 977 F.2d 1383, 1389–90 (10th Cir. 1992).

However, the Court has made it clear that prisoners are entitled to meaningful, but not

total or unlimited, access to the courts. Id. at 823. Hence, a prisoner must show actual injury resulting from a denial of access as a "constitutional prerequisite" to bringing a claim. Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff's Amended Complaint is deficient in this respect. Plaintiff does not describe either a nonfrivolous appeal or claim that he has been prevented from bringing before the courts or actual injury. Thus, he has not stated a plausible claim of denial of the right of access to the courts.

Plaintiff vaguely alleges that "state house bill 1722; Jan. 2015 replacement of Parole Board members," and "changes in 57 O.S. § 332.7 et al" have kept him from being released from prison. Plaintiff's claims regarding early release and parole do not state a claim of constitutional proportions. Plaintiff "does not even have a constitutionally protected right to be conditionally released before the expiration of his sentence." Wilson v. Oklahoma, 2009 WL 1863678 at *2 (10th Cir. 2009)(unpublished op.)(citing Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979)). Plaintiff's allegations do not state a claim upon which relief may be granted.

Plaintiff has recently filed a "summary of Claims to Aid Magistrate." (Doc. # 52). However, this pleading is rife with conclusory statements, such as "attempted murder in Jan. & Feb. 2016 as retaliation," that present the same pleading deficiencies as his Amended Complaint. All in all, Plaintiff's "claims" and allegations in his Amended Complaint are so conclusory that they fail to raise a right to relief above the speculative level, and his claims should therefore be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a plausible claim for relief under 42 U.S.C. § 1983. See Twombly, 550 U.S. at 555 (stating

a claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Plaintiff is already subject to filing restrictions in this Court, in the Tenth Circuit Court of Appeals, in the Supreme Court, and even in the Oklahoma Court of Criminal Appeals because of his numerous, frivolous filings. See Cotner v. Boone, 530 U.S. 1271 (2000)(restricting Mr. Cotner from filing further petitions for writ of certiorari in civil matters unless he has paid a docketing fee and submitted the petition in compliance with Supreme Court Rule 33.1); Cotner v. Boone, 48 Fed. App'x 287, 290 (10th Cir. 2002)(unpublished op.)(establishing filing restrictions in original habeas actions filed in circuit court or appeals from the denial of a habeas petition); Cotner v. Nichols, No. 95-5087, 1995 WL 649734, at *1 n. 3 (10th Cir. 1995)(unpublished op.)(upholding district court's imposition of filing restrictions and noting Mr. Cotner has filed "at least forty-four actions in the last twenty years" and that the cases "typically involved frivolous motions and ignored procedural requirements"); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986)(affirming imposition of sanctions in civil rights actions); Cotner v. Creek County Dist. Court, 911 P.2d 1215, 1218, 1221 (Okla. Crim. App. 1996). See also Cotner v. McCollum, No. 16-6023 (10th Cir. Feb. 10, 2016)(unpublished order)(dismissing attempted appeal for failure to comply with the filing restriction requirements imposed in Cotner v. Boone, 48 Fed. App'x 287 (10th Cir. 2002)(unpublished op.)); Cotner v. Jones, No. 12-6276 (10th Cir. 2012)(unpublished order)(dismissing appeal for failure to pay filing fees in advance as required by 28 U.S.C. §1915(g) and failure to comply with the filing restrictions imposed by the court in 2002);

Cotner v. State, No. 10-6004 (10th Cir. 2010)(unpublished order)(dismissing appeal for failure to prosecute where Plaintiff failed to comply with the filing restrictions imposed by the court in 2002); Cotner v. Miles-LaGrange, No. CIV-14-269-HE (W.D.Okla. 2014)(Heaton, D.J.)(Order dismissing action for failure to satisfy 28 U.S.C. § 1915(g) and failure to pay full filing fee and also dismissing action with prejudice as sanction for frivolous complaint and repeated abuse of judicial process); Cotner v. McCollum, No. CIV-14-137-HE (W.D.Okla. 2014)(Heaton, D.J.)(Order dismissing action for failure to satisfy 28 U.S.C. § 1915(g) and failure to pay full filing fee); Cotner v. Jones, No. CIV-12-781-HE (W.D.Okla. 2012)(Heaton, D.J.)(Order dismissing action for failure to satisfy 28 U.S.C. §1915(g) and failure to pay full filing fee).

Under these circumstances, and because of Plaintiff's flagrant, persistent, and abusive waste of judicial resources in this and his many other filings in this Court, the Court should impose appropriate sanctions, including dismissal of the action with prejudice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed with prejudice upon filing pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted. Plaintiff is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by June 27th , 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate

review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this ___7th___ day of ___June___, 2016.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE