# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ROBERT COTNER, )
)
       Plaintiff, )
vs ) NO. CIV-16-0195-HE
)
CARL BEAR, Warden, et al., )
)
       Defendants. )

## ORDER

Plaintiff Robert E. Cotner, a state prisoner appearing *pro se*, filed this suit pursuant to 42 U.S.C. § 1983 and various other federal statutes alleging violations of his constitutional and statutory rights and requesting temporary injunctive relief. In his amended complaint [Doc. No. 4], he named defendants Carl Bear, the warden at Joe Harp Correctional Center ("JHCC"), Holly Baker, medical supervisor at JHCC, Joe Allbaugh, interim director of the Oklahoma Department of Corrections, Mary Fallin, Governor of Oklahoma, and the unknown "star chamber" members of JHCC's literary committee. The matter was referred to U.S. Magistrate Judge Gary M. Purcell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) & (C). Judge Purcell issued a Supplemental Report and Recommendation (the "Report") following an initial screening under 28 U.S.C. § 1915A and recommends dismissal of plaintiff's claims for failure to state a claim upon which relief can be granted. Plaintiff has objected to the Report, triggering *de novo* review of the factual and legal issues raised in his objection.

The legal standards governing the screening required by § 1915A are set out in the

Report and will not be repeated here. In his amended complaint, plaintiff asserted claims under the Americans with Disabilities Act ("ADA," 42 U.S.C. § 12101 et seq.), section 504 of the Rehabilitation Act, 42 U.S.C. § 10201, 42 U.S.C. § 1985, 18 U.S.C. § 242, and 42 U.S.C. § 1983.¹ He generally alleged that he had been denied access to the courts and access to medical services and was subject to retaliatory acts on the basis of his disability, that defendants' agents deliberately administered the wrong medication to him resulting in damage to his heart and brain, and that there have been attempts to murder him by placing a new, violent cellmate with him in January of 2016.

As the Report indicates, 42 U.S.C. § 10201 provides for judicial review of nuclear waste policy issues and 18 U.S.C. § 242 is a criminal statute, and neither statute provides a basis for relief in this action. 42 U.S.C. § 1985 provides for a cause of action arising from a conspiracy to obstruct justice, deprive a person of rights or privileges, or prevent an officer from performing duties, but the complaint does not identify any agreement such as would be the basis of the conspiracy. Similarly, section 504 of the Rehabilitation Act applies to persons who are subject to discrimination under a program or activity receiving federal financial assistance or conducted by an executive agency. Plaintiff has not alleged that he was subject to discrimination under any such program.

As to plaintiff's ADA claim, the Report concluded plaintiff has not alleged how he

---

¹On the complaint form, plaintiff also indicated that jurisdiction was proper under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), but a Bivens action applies to federal officials and this case involves only state officials.

is disabled, what medical services he was denied, or any facts supporting an inference that such denial was by reason of his disability. In plaintiff's objection, he lists a number of conditions as disabilities, including the inability to walk without pain, trouble thinking or communicating, being male, post-traumatic stress disorder, and stockholm syndrome. However, even assuming one of these conditions qualifies as a disability under the ADA, see 42 U.S.C. § 12102, the objection does not address the other deficiencies with respect to this claim.

Thus, plaintiff's claims are appropriately reviewed under § 1983.[2] On careful review of the allegations in the complaint and accompanying affidavit, the court agrees with the Report's conclusion that no claim has been stated on which relief can be granted. The complaint protests a variety of conduct by "defendants" or "defendants' agents," but it does not identify what agents engaged in any specific acts. See Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir. 2011) ("It is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state."). Also absent are allegations that constitutional violations arose from an official policy or act. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff

---

[2]*In his "Brief in Support" of the objection, plaintiff indicates that his claims fall under the ADA and not under § 1983. Doc. No. 71, at 4. However, as discussed above, the complaint fails to state a claim for relief under the ADA.*

must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Moreover, to the extent the claim for lack of medical treatment relates to an Eighth Amendment claim for deliberate indifference to plaintiff's medical needs, the only allegation asserting deliberate conduct is that defendants' agents "deliberately" gave plaintiff the wrong medication in May 2014. Stripped of this legal conclusion, the allegation creates, at most, the inference that the unnamed agents acted with negligence. See Berry v. City of Muskogee, 900 F.2d 1489, 1496 (10th Cir. 1990) (noting that deliberate indifference requires "a higher degree of fault than negligence, or even gross negligence").

The remainder of plaintiff's claims and his various requests for preliminary injunctive relief are appropriately addressed in the Report, and plaintiff's objection and other subsequent filings fail to raise any error in the Report. Plaintiff's subsequent motions for preliminary or temporary injunctive relief fail for the same reasons as his initial motions, as described in the Report.

Accordingly, the Supplemental Report and Recommendation [Doc. No. 65] is **ADOPTED**. Plaintiff's claims are **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 12(b)(6). Moreover, for the reasons stated more fully in the Report relating to plaintiff's persistently abusive filing practices, the dismissal shall be with prejudice. The motion to certify class [Doc. No. 24] is **DENIED**. The motions to intervene filed by numerous other inmates in this action [Doc. Nos. 25–33,

36–42, 50–51, 53, 55–57, 64, 108] are **DENIED**, as they do not state a proper basis for intervention or certification of class. All other pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

Dated this 5th day of October, 2016.

_____
JOE HEATON
CHIEF UNITED STATES DISTRICT JUDGE